■ AXA EQUITABLE LIFE INSURANCE COMPANY, Appellant, v RONALD MALEN, D.M.D., Respondent. [986 NYS2d 132]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered April 30, 2013, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Defendant told plaintiff's claim representative, Disability Management Services, Inc. (DMS), in a telephone interview in December 2008 the details of his 20 year medical history that were not disclosed in his application. Thus, as of December 2008, or, at the latest, January 2009, when he reiterated this information in the "Claimant's Statement" received by DMS, plaintiff had knowledge of the facts from which defendant's alleged fraud on his insurance application form could reasonably be inferred (*see AXA Equit. Life Ins. Co. v Deiana*, 2009 WL 1930004, \*4, 2009 US Dist LEXIS 56439, \*10-13 [SD NY, July 2, 2009, No. 05 Civ 10447 (GAY)]). Where an action for rescission is based on fraud, it must be brought either within six years from the commission of the fraud, or within two years from the discovery of the fraud or from when the fraud could have been discovered with reasonable diligence (*Goldberg v Manufacturers Life Ins. Co.*, 242 AD2d 175, 180 [1st Dept 1998], *lv dismissed in part and denied in part* 92 NY2d 1000 [1998], citing CPLR 203 [g]; 213 [8]). Therefore the commencement of this action for rescission of the policy in June 1, 2011 was untimely by at least five months (*see* CPLR 213 [8]).

Further, plaintiff argues, based on its underwriting guidelines, that it would not have issued the policy if it had known that defendant's coverage under a disability income policy issued by another insurer included a monthly benefit of $4,000 or $4,200, instead of the represented $1,000. However, plaintiff did not follow those guidelines with respect to the benefit amount of the

three other policies it had previously issued to defendant when it approved his fourth application in January 1992.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Moskowitz, DeGrasse, Richter and Kapnick, JJ.